**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2018[*]
Decided September 25, 2018

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1585

| | |
|---|---|
| GARY JACKSON, SR., and | Appeal from the United States District |
| LORIE JACKSON, | Court for the Southern District of Indiana, |
| *Plaintiffs-Appellants*, | Indianapolis Division. |
| | |
| *v.* | No. 1:16-cv-2551-WTL-MPB |
| | |
| BRUCE LEMMON, et al., | William T. Lawrence, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Gary Jackson, a sex offender who groped his teenage daughter, has sued members of the Indiana Parole Board under 42 U.S.C. § 1983 for imposing a parole condition that prohibited him from contacting her. The district court ruled for the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

defendants. Because Jackson may not challenge this condition in a § 1983 suit, and the defendants would be entitled to qualified immunity in any case, we affirm.

Jackson sexually assaulted his teenage daughter. After consuming alcohol, he grabbed her breast when she got out of the shower. He later pleaded guilty in Indiana state court to engaging in sexual misconduct with a minor. That court sentenced him to a total of six years of home detention and probation. As stipulated in his plea agreement, Jackson was barred from contact with his daughter, "subject to modification [when she] turns 16 if [she] so agrees." Jackson later violated a different condition of probation, and he was imprisoned.

Jackson eventually was released from prison on parole, where he was subject to 27 "stipulations" on a state form listing parole conditions for sex offenders. Stipulation 4 has two variations. Stipulation 4(A) restricts the offender from touching, photographing, corresponding with, or talking to "any child, *including* your … children" (emphasis added). Stipulation 4(B) has the same restrictions, but applies to "any child, *except* your …children" (emphasis added). For Jackson, the Parole Board selected 4(A). Jackson also had to wear a location-monitoring device.

Dissatisfied with his conditions while on parole, Jackson filed this § 1983 suit. He sued members of the Indiana Parole Board and other state employees in their official capacities and "individually," as well as various Indiana state departments. (We liberally construe his pro se complaint as suing the individual defendants in both their personal and official capacities. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).) Jackson principally challenges the parole condition that prohibited contact with his daughter. He contends that it was substantively unreasonable and procedurally defective because the Parole Board imposed it without first assessing whether his background necessitated it. Jackson's wife, also a plaintiff, alleges that the conditions on her husband burdened her indirectly.

Months after filing his complaint in federal court, Jackson raised a similar challenge in Indiana state court. He returned to the court that adjudicated his criminal case and asked it to "order the Government to enforce its plea agreement terms" so he could "have contact with his minor relatives." The Indiana court denied that motion. Because Jackson filed his federal suit before he filed his motion in state court, his federal suit is not an appeal of a state-court judgment, and thus it is not barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018).

The district court narrowed the scope of the suit. It first dismissed Jackson's wife's claims for lack of standing because her claims impermissibly rested on the legal rights of a third party—her husband. *See Warth v. Seldin*, 422 U.S. 490, 505 (1975); *United States v. Diekemper*, 604 F.3d 345, 350 (7th Cir. 2010). It later entered summary judgment against Jackson. The court reasoned that (1) because Jackson's parole term had ended by the time it ruled on the motion for summary judgment, his request for injunctive relief was no longer relevant; (2) he could not recover money from the official-capacity state defendants or the state agencies, *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65–67 (1989); and (3) Jackson received adequate process before his parole agent required location monitoring. Jackson and his wife raise no credible attack on these rulings, so they warrant no further discussion.

The court made two more rulings that form the basis of this appeal. First, citing *Williams v. Wisconsin*, 336 F.3d 576 (7th Cir. 2003), the court dismissed Jackson's challenge to Stipulation 4(A) because, it reasoned, Jackson should have attacked the condition in a petition under 28 U.S.C. § 2254, rather than in a § 1983 suit. Second, it ruled that the officials whom Jackson sued (and the others whom he has proposed to sue) in their personal capacities are entitled to absolute or qualified immunity.

On appeal, Jackson renews his challenges to the parole condition denying him contact with his daughter. He raises two arguments. First, he maintains that this condition contradicted his plea agreement, under which he was able to communicate with her if she wanted. Second, he contends that before selecting Stipulation 4(A) over 4(B), due process required that the Parole Board assess whether his background required that he have no contact with her. If it had done so, he continues, the Board would have permitted the same conditional contact with his daughter as his plea agreement had allowed.

Jackson may not challenge his parole condition or how it was imposed in a § 1983 suit for damages. Because parole is a form of custody, a challenge to a parole condition is a challenge to the "perimeters of [his] confinement" and so must be brought as a collateral attack. *See Williams*, 336 F.3d at 579–80 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)); *see also Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018) (ruling conditions of probation must be challenged through habeas petition). Jackson is not on parole anymore, so a collateral attack is not available. But his challenge is barred nevertheless because at the time he filed this § 1983 suit, he *could* have pursued a collateral attack. *See Burd v. Sessler*, 702 F.3d 429, 435–36 (7th Cir. 2012). And he never even tried to do so, unlike the plaintiff in *Whitfield v. Howard*, 852 F.3d 656, 662 (7th Cir.

2017) (permitting released, former prisoner to attack revocation of his good-time credits through § 1983 suit in part because he had pursued collateral relief while confined). Jackson asks us to overturn cases like *Williams*, but he does not argue why we should.

Jackson responds, unpersuasively, that *Williams* does not apply because he views his challenge as purely procedural: he faults the Parole Board for not considering his background before forbidding contact with this daughter. Citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005), he reasons that if his procedural argument succeeds, he would not "necessarily demonstrate the invalidity of confinement or its duration," so his suit under § 1983 is permissible.

This argument has two fatal problems. First, unlike the case in *Wilkinson*, Jackson's challenge is not purely prospective. There, plaintiffs sued under § 1983 to enjoin as procedurally flawed the rules governing their parole eligibility and suitability. If successful, they would not have received damages, but only further consideration of their parole applications, which *could* have resulted in a favorable outcome. *Wilkinson*, 544 U.S. at 82. By contrast, Jackson seeks more than prospective relief, a distinction from *Wilkinson* that we have previously ruled to be significant. *See Burd*, 702 F.3d at 432–33. Instead, he contends that he is entitled to damages precisely because, with more process, the defendants *would* have released him from the contested condition. Thus, unlike in *Wilkinson*, a victory for Jackson would "necessarily demonstrate the invalidity" of his conditions of confinement on parole.

Second, even if *Wilkinson* applied, Jackson runs into the problem of immunity. To overcome qualified immunity, Jackson must show that the defendants violated "clearly established" law. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017). To meet his burden, Jackson relies on two decisions dealing with the same criminal defendant: *Bleeke v. Lemmon,* 6 N.E.3d 907 (Ind. 2014), and *Bleeke v. Server*, 2010 WL 299148 (N.D. Ind. Jan. 19, 2010).

Neither decision helps him. Bleeke was sentenced to prison for attempted criminal deviate conduct; his victim was an adult woman who was not his daughter. 6 N.E.3d at 912. Bleeke challenged a parole condition that prohibited contact with his children. *Id.* at 914. Without deciding any federal question, the Indiana Supreme Court ruled that the condition violated Indiana law as applied to Bleeke. *See id.* at 919–21. Therefore, that decision says nothing about federal rights. Before the Indiana court ruled, a federal district judge wrote in an unpublished decision that this condition violated due process because Bleeke's victim was not a child, let alone one of his children. *Bleeke*, 2010 WL 299148, at *13. That ruling is both nonprecedential and

distinguishable (because Jackson's victim was his child), so it too could not have "clearly established" a federal right that applies here. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741–42, (2011); *Boyd v. Owen*, 481 F.3d 520, 527 (7th Cir. 2007). Because the defendants are thus entitled to qualified immunity, we need not address the issue of absolute immunity. *See Taylor v. Reilly*, 685 F.3d 1110, 1113 (D.C. Cir. 2012).

The judgment of the district court is AFFIRMED.